IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DONALD KIRK** § § § | |
| vs. § § § | CASE NO. 6:20cv382 |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Donald Kirk initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying an application for Social Security benefits. Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (ECF 25). The Court referred the motion for proposed findings of fact and recommendations for disposition (ECF 26). For the reasons below, it is recommended that the motion be granted.

### Background

The Court entered an Order on March 16, 2022 reversing the Commissioner's final administrative decision and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff then filed the Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act and a memorandum in support (ECF 25). Plaintiff attached an itemized record of attorney and paralegal work on the case. Plaintiff seeks an award of $5,864.90 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). Plaintiff does not request any amount for expenses. Plaintiff asserts that the motion is unopposed.

## Discussion

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a "prevailing party," that the Commissioner's position was not "substantially justified," that no "special circumstances make an award unjust," and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Commissioner INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); 28 U.S.C. § 2412(d)(1). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Commissioner has the burden of proving that his position was "substantially justified" in this matter and he has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, by not

opposing the motion the Commissioner has not alleged or shown special circumstances that would render an award unjust.

The hourly attorney rate sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that an increase in the hourly rate is justified in this case to match the prevailing rate for attorneys in the region. Plaintiff requests an hourly rate of $208.00 for attorney work in 2020 and $218.00 for attorney work in 2021 and 2022. Plaintiff additionally requests an hourly rate of $110.00 for paralegal work. The requested rates are reasonable.

## Conclusion

In the interest of ensuring adequate representation for those who need it and to minimize the cost of that representation to taxpayers, the Court concludes that Plaintiff's motion should be granted. Plaintiff should be awarded the requested $5,864.90 in attorney and paralegal fees. Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 530 U.S. 586, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010).

## RECOMMENDATION

It is hereby **RECOMMENDED** that the Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (ECF 25) be **GRANTED**. The Commissioner should pay Plaintiff for fees incurred totaling **$5,864.90** pursuant to the EAJA, 28 U.S.C. § 2412(d), with the funds payable to Plaintiff and forwarded to Plaintiff through her attorney of record.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 17th day of June, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE